**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY | ) |
| INSURANCE COMPANY | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| FEHR GRAHAM & ASSOCIATES, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**<u>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY JUDGMENT AND OTHER RELIEF</u>**

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY ("Allied"), by and through its undersigned attorneys, Novak Law Offices, files this Complaint for Declaratory Judgment and Other Relief pursuant to 28 U.S.C. § 2201 against FEHR GRAHAM & ASSOCIATES, LLC ("Fehr Graham"). In support of its Complaint, Allied states as follows:

**<u>NATURE OF THE ACTION</u>**

1.      An insurance coverage dispute exists between Allied and Fehr Graham arising out of the lawsuit captioned *Devansoy, Inc. v. Loberg Excavating, Inc., et. al*. No 2019 L 40, pending in the Circuit Court of Stephenson County, Illinois ("Underlying Action"). The Underlying Action seeks damages arising out of a waste storage expansion project in Rock City, Illinois ("Project").

2.      Loberg Excavating, Inc. ("Loberg") contracted with Devansoy, Inc. ("Devansoy") to install the liner but then subcontracted with Yunker Plastics, Inc. who performed the installation work. Fehr Graham provided the design. The Underlying Action also seeks damages against Fehr Graham arising from a permitting project in 2019 that have no connection to the

Project or Loberg's operations on the Project. Allied is defending its named insured Loberg in the Underlying Action pursuant to a reservation of rights under the commercial general liability policies it issued to Loberg, which terms and conditions are described more fully below ("Policies").

3.     Loberg named Fehr Graham as a Third Party Defendant in the Underlying Action, and Fehr Graham tendered its defense to Allied claiming additional insured status under the Policies. After the tender, Fehr Graham was named as defendant in the Underlying Action in the Second Amended Verified Complaint filed by Devansoy, Inc. ("Devansoy"). After an investigation, Allied denied coverage and requested that Fehr Graham withdraw its tender of defense. Upon actual notice of the First Amended Third Party Complaint against Fehr Graham, Allied issued a supplemental denial tender, and again requested that Fehr Graham withdraw its tender of defense. Fehr Graham has not withdrawn its tender to Allied as an additional insured under the Policies.

4.     Allied does not owe a duty to defend Fehr Graham because additional insured coverage is afforded only to owners, lessees, or contractors for Loberg's acts or omissions in the performance of Loberg's ongoing operations for said owner, lessee or contractor. Fehr Graham is not an owner, lessee or contractor, but rather, it performed engineering design services for Plaintiff Devansoy.

5.     Loberg did not perform any work for Fehr Graham, but instead contracted (and then subcontracted) to install the liner at the Project for Devansoy. Moreover, the Underlying Action asserts allegations against Fehr Graham for its own misconduct in providing design services at the Project and does not allege that Fehr Graham is liable for damages because of Loberg's operations. In addition, the Underlying Action seeks damages for alleged "property

damage" that occurred after work was completed, not for Loberg's ongoing operations at the Project.

6.    Because the Policies only provide additional insured coverage for liability arising out of Loberg's ongoing operations and does not provide additional insured coverage after Loberg's work at the Project was completed, Allied does not owe a duty to defend or indemnify Fehr Graham in the Underlying Action.

7.    The Underlying Action seeks damages arising solely out of Fehr Graham's professional services performed for Plaintiff Devansoy, and therefore, Allied owes no duty to defend or indemnify Fehr Graham in the Underlying Action.

8.    Moreover, Allied owes no duty to defend or indemnify Fehr Graham in the Underlying Action because there is no written contract between Fehr Graham and Loberg in which Loberg agreed in writing to add Fehr Graham as an additional insured to the Policies.

9.    Finally, upon information and belief, Fehr Graham has entered into a settlement agreement with Plaintiff Devansoy in the Underlying Action. In the alternative to the above defenses, Allied owes no duty to indemnify Fehr Graham for the settlement agreement for the additional reasons set forth below.

## PARTIES

10.    Allied is an insurance company organized under the laws of the state of Iowa with its principal place of business in Des Moines, Iowa.

11.    Upon information and belief, Fehr Graham is an Illinois limited liability company with its principal place of business in Freeport, Illinois.

## JURISDICTION AND VENUE

12.     Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28

U.S.C. § 1332(a)(1). Diversity of jurisdiction exists because: (1) there is complete diversity

between Plaintiff Allied and Defendant Fehr Graham; and (2) because the amount in

controversy, including the potential costs of defending and indemnifying Fehr Graham in the

Underlying Action, exceeds $75,000.

13.     Venue lies in this district pursuant to 28 U.S. C. §1391(b) as a substantial part of

the events or omissions giving rise to the claims occurred in this judicial district.

## BACKGROUND FACTS

**A.      The Underlying Action**

**1.      The Second Amended Verified Complaint**

14.     On November 27, 2019, Devansoy filed the Underlying Action seeking damages

for alleged defects at the Project. The Second Amended Verified Complaint was filed on May

16, 2022, and is the operative pleading in the Underlying Action. The Second Amended Verified

Complaint, with exhibits, is attached hereto as **Exhibit 1.**

15.     Devansoy alleges Loberg was negligent, in part, for the installation of "a liner that

was defective or otherwise unsuitable." Ex. 1, ¶ 41(G).

16.     In the Second Amended Verified Complaint, Devansoy alleges that as a result of

the defects, Devansoy sustained damage to the wastewater storage lagoon and to other company

property.

17.     Devansoy also named Fehr Graham as a defendant in the Second Amended

Verified Complaint.

18.     Count IX of the Second Amended Verified Complaint alleges that Fehr Graham breached the Expansion Contract between Devansoy and Fehr Graham. It asserts that Devansoy contracted with Fehr Graham to provide "professional services" relating to the expansion of the wastewater storage lagoon in two contracts it refers to collectively as the Expansion Contract. Devansoy claims that Fehr Graham provided design, engineering support, contract administration and construction management services to complete the lagoon. The Second Amended Verified Complaint alleges that the Expansion Contract required Fehr Graham to perform its services with the professional skill and care ordinarily provided by engineers practicing in the same locality and similar circumstances, and if the design was riddled with errors and omissions, Fehr Graham breached its contract and is liable for Devansoy's damages.

19.     Count X of the Second Amended Verified Complaint alleges that Fehr Graham was professionally negligent. It alleges that the other defendants claim that Fehr Graham's design was riddled with errors and omissions constituting an alleged breach of the professional standard of care owed to Devansoy.

20.     Count XI of the Second Amended Verified Complaint asserts a cause of action for negligent misrepresentation. It alleges that the other defendants claim that Fehr Graham's design was riddled with errors and omissions, and that Fehr Graham owed Devansoy a duty to provide information that was factual and accurate in determining the design of the lagoon. It alleges that if the cause of the lagoon failure was the errors and omissions in the design, Fehr Graham breached its duty to Devansoy and is liable to it for its damages.

21.     Count XII asserts a cause of action for breach of the "permitting contract." It alleges that Devansoy and Fehr Graham entered into a "permitting contract" in 2019 for the installation of a new spray irrigation system in which Fehr Graham represented it would perform

5

professional services in the contract per professional standards. Count XII alleges that Fehr Graham breached the contract if it allowed for the transfer of wastewater, failed to advise Devansoy as to the appropriate use of the portable trash pump, failed to obtain permits or failed to exercise care in compiling the plans, conducting inspections and supervising construction. Devansoy claims that Fehr Graham has failed to cure the breaches.

22.     Count XIII asserts a cause of action for professional negligence in the "permitting project." Devansoy alleges that Fehr Graham owed a duty to exercise the skill owed by engineers in the design and installation of a new spray irrigation system and that it breached that duty because it allowed for the transfer of wastewater, failed to advise Devansoy as to the appropriate use of the portable trash pump, failed to obtain permits or failed to exercise care in compiling the plans, conducting inspections and supervising construction. It alleges that Fehr Graham's breaches caused dangerous conditions, and as a result, State of Illinois governmental agencies have issued fines and charges against Devansoy.

23.     Count XIV alleges a cause of action for negligent misrepresentation in the "permitting project." It asserts that Fehr Graham owed a duty of care to provide information that is factual and accurate and that it breached that duty by failing to advise Devansoy regarding permitting required to complete the project, failing to advise regarding the restrictions imposed by the permits obtained, failing to properly design the permitting project and providing Fehr Graham with false information relating to same. Devansoy claims that Fehr Graham intended for it to rely on the false representations and seeks damages for its reliance on those intentional or negligent representations.

24.     Count XV asserts a cause of action for indemnification for environmental conditions. It asserts that Fehr Graham agreed to indemnify Devansoy and hold it harmless

against liability. Devansoy claims that Fehr Graham's breaches have resulted in violations of the Illinois Environmental Protection Act, the Department of Natural Resources Law, and the Illinois Fish and Aquatic Life Code. It asserts that the breaches have resulted in a cause of action filed by the State of Illinois against Devansoy, which sought fines and charges for the environmental conditions. Devansoy seeks damages for fines, charges, attorneys' fees and other losses.

25.     The contract between Devansoy and Loberg is attached as Exhibit A to the Second Amended Verified Complaint. The General Conditions provide in relevant part that Loberg shall purchase and maintain insurance for "claims for damages, other than to the Work itself, because of injury to or destruction of tangible property wherever located, including loss of use resulting therefrom…." The insurance is to be on an occurrence basis and was to include Devansoy and Fehr Graham as additional insureds. The Supplemental Conditions provide that Loberg is to have bodily injury/property damage liability limits of $1,000,000 per occurrence, $2,000,000 general aggregate, $1,000,000 products completed operations coverage. The contract further provides that the liability coverage for additional insureds, subject to customary exclusions for professional liability, is to be by endorsement or by a separate protective liability policy. *See* Ex. 1 at Ex. A.

**2.     The Third-Party Complaints Against Fehr Graham**

26.     On or about November 10, 2020, Loberg filed a Third-Party Complaint against Fehr Graham for Contribution. A true and correct copy of the Third-Party Complaint is attached hereto as **Exhibit 2**.

27.     On or about January 21, 2022, Loberg filed a First Amended Third Party Complaint against Fehr Graham for Contribution. A true and correct copy of the First Amended Third-Party Complaint is attached hereto as **Exhibit 3**.

7

**B.**    **Additional Facts**

28.    Fehr Graham did not enter into a written contract with Loberg.

29.    Loberg's work at the Project was completed on or about December 6, 2017.

30.    On or about July 17, 2018, a defect was discovered in the form of bubbles in the lagoon liner and Devansoy contacted Loberg, who participated in an investigation.

31.    Loberg did not perform the work for the "permitting project" in 2019 described in the Second Amended Verified Complaint.

32.    Upon information and belief, all or most of the "property damage" at the Project was to the Project itself, which Loberg worked on, and not to other property.

33.    Upon information and belief, to the extent that any "property damage" occurred to other property, all or some of the "property damage" was caused by waste.

34.    Upon information and belief, Devansoy and Fehr Graham entered into a settlement totaling $450,000. On or about March 16, 2023, Devansoy filed a motion for a good faith finding as to the settlement. The settlement agreement provides that $350,000 is for disputed claims arising out of the "permitting project," while $100,000 is for disputed claims arising out of the "expansion project."

**C.**    **Notice And Denials**

35.    On or about November 18, 2021, Fehr Graham tendered its defense of the Third-Party Complaint to Loberg and demanded that Loberg's insurer defend it in the Underlying Action as an additional insured. A true and correct copy of the demand letter to Loberg's attorney is attached hereto as **Exhibit 4**.

36.    After receipt of the tender from Loberg and an investigation, on or about June 6, 2022, Allied denied the tender and requested that Fehr Graham withdraw its defense tender. A

8

true and correct copy of the denial letter to Fehr Graham and its attorney is attached hereto as **Exhibit 5**.

37.     After having actual notice of additional information in the Underlying Action, on or about February 14, 2023, Allied again denied the tender and requested that Fehr Graham withdraw its tender of defense. A true and correct copy of the denial letter is attached hereto as **Exhibit 6**.

       **D.**    **The Policies**

38.     Allied issued Commercial General Liability Policy No. ACP GLPO 3026972314 to Loberg for the period from January 1, 2017 to January 1, 2018 and Policy No. ACP GLPO 3036972314 from January 1, 2018 to January 1, 2019. True and correct copies of the Policies are attached hereto as **Exhibits 7** and **8**.

39.     The Policies contain a Contractor's Enhancement Endorsement, which provides in pertinent part:

       **H.**    **Additional Insured – Automatic Status When Required In An Agreement Or Contract With You**

          **Section II – Who Is An Insured** is amended to include:

          **4.**    Any person(s) or organization(s) described in Paragraphs **a.-d.** with whom you have agreed in writing in a contract or written agreement that such person or organization be added as an additional insured on your policy during the policy period shown in the Declarations.

               The person or organization added as an insured by this endorsement is an insured only to the extent you are held liable due to:

                             * * *

          **d.**    **Owners, Lessees, or Contractors** with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
               **(1)**    Your acts or omissions; or

**(2)**     The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations performed for that additional insured, whether the work is performed by you or on your behalf.

The insurance does not apply to:

**(1)**     "bodily injury", "property damage", or "personal and advertising injury" arising out of the rendering of or the failure to render any professional architectural, engineering, or survey services, including:

**(a)**     The preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, survey, field orders, change orders, or drawings and specifications; or

**(b)**     Supervisory, inspection, architectural, or engineering activities.

**(2)**     "Bodily injury" or "property damage" occurring after:

**(a)**     All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

**(b)**     That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

However, a person or organization's status as additional insured under this policy ends when your operations for that additional insured are completed.

* * *

40.     The Policies' Commercial General Liability Coverage Form provides in pertinent

part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
LIABILITY**

**1.      Insuring Agreement**

    **a.**      We will pay those sums that the insured becomes legally obligated
to pay as damages because of "bodily injury" or "property
damage" to which this insurance applies.  We will have the right
and duty to defend the insured against any "suit" seeking those
damages.  However, we will have no duty to defend the insured
against any "suit" seeking damages for "bodily injury" or
"property damage" to which this insurance does not apply. We
may, at our discretion,, investigate any "occurrence" and settle any
claim or "suit" that may result. But:

        **(1)**      The amount we will pay for damages is limited as
described in Section **III** – Limits Of Insurance; and

        **(2)**      Our right and duty to defend ends when we have used up
the applicable limit of insurance in the payment of
judgments or settlements under Coverages **A** or **B** or
medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or
services is covered unless explicitly provided for under
Supplementary Payments – Coverages **A** and **B**.

    **b.**      This insurance applies to "bodily injury" and "property damage"
only if:

        **(1)**      The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory";

        **(2)**      The "bodily injury" or "property damage" occurs during
the policy period; and

* * *

2.    **Exclusions**

This insurance does not apply to:

**f.**    **Pollution**

**(1)**    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

* * *

    **(b)**    At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

* * *

    **(e)**    At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

**(2)**    Any loss, cost or expense arising out of any:

    **(a)**    Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

    **(b)**    Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

\*\*\*

## SECTION V – DEFINITIONS

\*\*\*

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

15.     "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

\*\*\*

17.     "Property damage" means:

   a.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

\*\*\*

## COUNT I

### (Allied Does Not Owe A Duty To Defend Or Indemnify Fehr Graham Because It Does Not Qualify As An Additional Insured Under The Policies)

41.     Allied realleges and reiterates each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

42.     The Policies provide additional insured coverage to "owners, lessees or contractors" with respect to liability for "property damage" "caused in whole or in part" by "[Loberg's] acts or omissions" or "[t]he acts or omissions of those acting on [Loberg's] behalf" "in the performance of [Loberg's] ongoing operations performed for [Fehr Graham], whether the work is performed by [Loberg] or on [Loberg's] behalf."

43.     Allied does not owe a duty to defend or indemnify Fehr Graham in the Underlying Action because it is not an owner, lessee, or contractor as required by the additional insured provision, but rather it provided engineering and environmental services to Devansoy.

44.     Allied does not owe a duty to defend or indemnify Fehr Graham in the Underlying Action because it does not allege that Fehr Graham is liable for "property damage" caused, in whole or in part, by Loberg's acts or omissions in the performance of ongoing operations performed for Fehr Graham. Loberg did not perform any work for Fehr Graham but, rather, performed work for Devansoy. Moreover, Fehr Graham was not sued in the Underlying Action because of Loberg's alleged acts or omissions in installing the liner at the Project. Instead, the Underlying Action was brought against Fehr Graham for its own liability allegedly arising out of its own acts or omissions in performing professional services for Devansoy. Accordingly, Fehr Graham does not qualify as an additional insured.

WHEREFORE, Allied Property and Insurance Company respectfully requests that this Court declare it does not owe a duty to defend or indemnify Fehr Graham & Associates, LLC in the Underlying Action and award any other relief it deems appropriate.

### COUNT II
**(Allied Does Not Owe A Duty To Defend Or Indemnify Fehr Graham In The Underlying Action Because Loberg's Operations Were Completed)**

45.     Allied realleges and reiterates each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

46.     The Policies provide additional insured coverage for Loberg's "ongoing operations" and further provide that the "organization's status as additional insured under this policy ends when [Loberg's] operations for that additional insured are completed." They do not provide additional insured coverage after work has been completed or Loberg's work "has been put to its intended use."

47.     The Project in the Underlying Action was completed on or about December 6, 2017.

48.     Devansoy seeks damages for "property damage" that allegedly occurred after the Project was complete, and therefore, if Fehr Graham qualified as an additional insured under the Policies, its status as such ended on December 6, 2017.

49.     Accordingly, Allied does not owe a duty to defend or indemnify Fehr Graham in the Underlying Action.

WHEREFORE, Allied Property and Insurance Company respectfully requests that this Court declare it does not owe a duty to defend or indemnify Fehr Graham & Associates, LLC in the Underlying Action and award any other relief it deems appropriate.

## COUNT III
### (Allied Does Not Owe A Duty To Defend Or Indemnify Fehr Graham Because The Underlying Action Seeks Damages For Its Professional Services)

50.     Allied realleges and reiterates each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

51.     The Policies do not provide additional insured coverage for "'property damage'... arising out of the rendering of or the failure to render any professional architectural, engineering, or survey services, including" "[t]he preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, survey, field orders, change orders, or drawings and specifications" or "[s]upervisory, inspection, architectural, or engineering activities."

52.     The Underlying Action seeks damages from Fehr Graham for its failure to render professional services at the Project including alleged errors and omissions in the design of the expansion of the wastewater storage lagoon and its supervision of same.

53.     Because Fehr Graham's liability in the Underlying Action arises out of its professional services, Allied does not owe a duty to defend or indemnify Fehr Graham in the Underlying Action.

WHEREFORE, Allied Property and Insurance Company respectfully requests that this Court declare it does not owe a duty to defend or indemnify Fehr Graham & Associates, LLC in the Underlying Action and award any other relief it deems appropriate.

## COUNT IV
### (Fehr Graham Is Not An Additional Insured Because There Is No Written Contract Between Loberg And Fehr Graham)

54.     Allied realleges and reiterates each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

16

55.     The Policies provide that an additional insured is "[a]ny person(s) or organization(s) described in Paragraphs **a.-d.** with whom [Loberg has] agreed in writing in a contract or written agreement that such person or organization be added as an additional insured on [Loberg's] policy during the policy period shown in the Declarations."

56.     There is no contract between Loberg and Fehr Graham and, therefore, Loberg has not agreed in writing in a contract or written agreement with Fehr Graham that it be added as an additional insured to the Policies.

57.     Accordingly, Allied does not owe a duty to defend or indemnify Fehr Graham in the Underlying Action.

WHEREFORE, Allied Property and Insurance Company respectfully requests that this Court declare it does not owe a duty to defend or indemnify Fehr Graham & Associates, LLC in the Underlying Action and award any other relief it deems appropriate.

## COUNT V
### (In the Alternative, No Duty To Indemnify Is Owed To Fehr Graham Because There Are No Damages Because Of "Property Damage" Covered Under The Policies)

58.     Allied realleges and reiterates each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

59.     Coverage A in the Commercial General Liability Coverage Form provides Allied will pay those sums that the insured "becomes legally obligated to pay as damages because of … 'property damage' to which this insurance applies."

60.     The Policies define "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured."

61.     The Underlying Action sought amounts from Fehr Graham that are not damages because of "property damage" covered under the Policies, including economic loss.

62.     In the alternative to the above causes of action, Allied has no duty to indemnify Fehr Graham for those amounts paid in settlement with Devansoy that are not damages because of "property damage" covered under the Policies.

WHEREFORE, Allied Property and Insurance Company respectfully requests that this Court declare it does not owe a duty to indemnify Fehr Graham & Associates, LLC in the Underlying Action and award any other relief it deems appropriate.

### COUNT VI
**(In The Alternative, No Duty To Indemnify Because There Is No "Property Damage" Caused By An "Occurrence")**

63.     Allied realleges and reiterates each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

64.     The Policies require that "property damage" must be caused by an "occurrence."

65.     The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

66.     The Underlying Action alleges that Fehr Graham's design was defective and contained errors and omissions, which is not an "occurrence" under the Policies.

67.     Accordingly, Allied owes no duty to indemnify Fehr Graham for any "property damage" not caused by an "occurrence."

WHEREFORE, Allied Property and Insurance Company respectfully requests that this Court declare it does not owe a duty to indemnify Fehr Graham & Associates, LLC in the Underlying Action and award any other relief it deems appropriate.

## COUNT VII
**(In The Alternative, No Duty To Indemnify Because The Pollution Exclusion Applies)**

68.     Allied realleges and reiterates each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

69.     The Policies contain a Pollution exclusion that excludes coverage for "property damage" "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants'" "[a]t or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste" or "[a]t or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, 'pollutants.'" It also excludes coverage for "loss, cost or expense" from a regulatory authority.

70.     The Policies defined "pollutants" as including "waste" and provides that "[w]aste includes materials to be recycled, reconditioned or reclaimed."

71.     The claims in the Underlying Action arose from the expansion of a waste storage lagoon and alleged damage to other property. Further, the Second Amended Verified Complaint also alleged that the State of Illinois sought fines and charges for the environmental conditions arising from the projects.

72.     Accordingly, in the alternative, Allied owes no duty to indemnify Fehr Graham in the Underlying Action for those damages excluded by the Pollution exclusion.

WHEREFORE, Allied Property and Insurance Company respectfully requests that this Court declare it does not owe a duty to defend or indemnify Fehr Graham & Associates, LLC in the Underlying Action and award any other relief it deems appropriate.

DATED:  March 22, 2023                    Respectfully submitted,

                                          /s/ Neal R. Novak
                                          Neal R. Novak (#6181620)
                                          Colleen M. Costello (#6274745)
                                          NOVAK LAW OFFICES
                                          33 N. LaSalle, Suite 1900
                                          Chicago, IL 60602
                                          novak@novakjuris.com
                                          costello@novakjuris.com
                                          Phone: (312) 425-2500

                                          *Attorneys for Allied Property and Casualty
                                          Insurance Company*